DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SCOTT D. JOINER (CABN 223313)
S. WAQAR HASIB (CABN 234818)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-7234
scott.joiner@usdoj.gov
waqar.hasib@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 20-MJ-70028 |
| Plaintiff, | NO. CR 20-MJ-70076 |
| v. | STIPULATION TO CONTINUE HEARING AND EXCLUDE TIME FROM JULY 8, 2020 TO JULY 29, 2020; [PROPOSED] ORDER |
| MOHAMMED COLIN NURU, | |
| Defendant. | |

    The parties appeared for a status hearing on the above-referenced matters on February 27, 2020, and they were continued and time excluded to March 19, 2020. The court granted subsequent continuances to July 8, 2020, in light of the COVID 19 pandemic and shelter-in-place orders for the City and County of San Francisco and State of California. In light of ongoing limitations on in-person meetings and court appearances, the parties now request that the matters be continued to July 29, 2020.

    It is further stipulated by and between counsel for the United States and counsel for defendant Mohammed Nuru, that time be excluded under the Speedy Trial Act from July 8, 2020 through July 29, 2020. Defendant Nuru waives the time for a preliminary hearing on each Complaint under Rule 5.1 of

the Federal Rules of Criminal Procedure through July 29, 2020.  Pursuant to stipulation, the Court previously excluded time under the Speedy Trial Act through and including July 8, 2020, in light of the complexity of the cases – which the government represents involves more than 1,500 recorded calls or conversations and thousands of pages of documents – the time available for indictment, and for effective preparation of counsel.

For the same reasons, including the time available for indictment during the current pandemic and shelter-in-place orders, the parties stipulate and agree that excluding time from July 8, 2020 through July 29, 2020 in both matters, will allow for the effective preparation of counsel and is appropriate based on the complexity of the cases and the amount of time necessary to return and file an indictment under the circumstances within the time specified by 18 U.S.C. § 3161(b).  *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii), 3161(h(7)(B)(iv); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The parties further stipulate and agree that the ends of justice served by excluding the time from July 8, 2020 through July 29, 2020, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv).

The undersigned Assistant United States Attorney certifies that he has obtained approval from counsel for the defendant to file this stipulation and proposed order.

SO STIPULATED.

DATED: July 7, 2020

/s/
SCOTT D. JOINER
S. WAQAR HASIB
Assistant United States Attorneys

DATED: July 7, 2020

/s/
ISMAIL RAMSEY
RAMSEY & EHRLICH, LLP
Counsel for Defendant Mohammed Nuru

STIPULATION TO EXCLUDE TIME AND [PROPOSED] ORDER
CR 20-MJ-70028; CR 20-MJ-70076

**[PROPOSED] ORDER**

Pursuant to stipulation, the appearance currently set for July 8, 2020 is HEREBY CONTINUED to July 29, 2020.

Based upon the facts set forth in the stipulation of the parties and for good cause shown, the Court finds that failing to exclude the time from July 8, 2020 through July 29, 2020, would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court also finds that excluding the time from July 8, 2020 through July 29, 2020, is appropriate in light of the complexity of the case, which the government represents involves more than 1,500 recorded calls or conversations and thousands of pages of documents, and the amount of time necessary to return and file an indictment under the circumstances, including the current pandemic and shelter-in- place orders, within the time specified by 18 U.S.C. § 3161(b). *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The Court further finds that the ends of justice served by excluding the time from July 8, 2020 through July 29, 2020, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from July 8, 2020 through July 29, 2020, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv).

/ /

/ /

/ /

/ /

1  The Court also orders that the time for a preliminary hearing be extended under Rule 5.1 of the Federal
2  Rules of Criminal Procedure and the time within which to conduct a preliminary hearing is waived with
3  the consent of the Defendant through July 29, 2020
4        IT IS SO ORDERED.

6  DATED: _____      _____
7      HON. SALLIE KIM
    UNITED STATES MAGISTRATE JUDGE

[PROPOSED] ORDER EXCLUDING TIME
CR 20-MJ-70028; CR 20-MJ-70076