DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SCOTT D. JOINER (CABN 223313)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    scott.joiner@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | NO. CR 20-MJ-70028 |
|---|---|---|
|     Plaintiff, | ) | NO. CR 20-MJ-70076 |
|   v. | ) | STIPULATION TO CONTINUE HEARING AND EXCLUDE TIME FROM NOVEMBER 5, 2020 TO DECEMBER 17, 2020; [PROPOSED] ORDER |
| MOHAMMED COLIN NURU, | ) | |
|     Defendant. | ) | |

    The court granted a continuance in these matters to November 5, 2020, in light of the COVID 19 pandemic and shelter-in-place orders for the City and County of San Francisco and State of California. In light of ongoing limitations on in-person meetings and court appearances, the parties now request that the matters be continued to December 17, 2020.

    It is further stipulated by and between counsel for the United States and counsel for defendant Mohammed Nuru, that time be excluded under the Speedy Trial Act from November 5, 2020 through December 17, 2020. Defendant Nuru waives the time for a preliminary hearing on each Complaint under Rule 5.1 of the Federal Rules of Criminal Procedure through December 17, 2020. Pursuant to stipulation, the Court previously excluded time under the Speedy Trial Act through and including

STIPULATION TO EXCLUDE TIME AND [PROPOSED] ORDER
CR 20-MJ-70028; CR 20-MJ-70076

1  November 5, 2020, in light of the complexity of the cases – which the government represents involves
2  more than 1,500 recorded calls or conversations and thousands of pages of documents – the time
3  available for indictment, and for effective preparation of counsel.
4       For the same reasons, including the time available for indictment during the current pandemic,
5  the parties stipulate and agree that excluding time from November 5, 2020 through December 17, 2020,
6  in both matters, will allow for the effective preparation of counsel and is appropriate based on the
7  complexity of the cases and the amount of time necessary to return and file an indictment under the
8  circumstances within the time specified by 18 U.S.C. § 3161(b). *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii),
9  3161(h)(7)(B)(iii), 3161(h(7)(B)(iv); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir.
10 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to
11 the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and
12 (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity,
13 with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect
14 the preparation and return of an indictment within thirty days… In the case at bar, efficiency and
15 economy were definitely served by the sixty day extension.").
16      The parties further stipulate and agree that the ends of justice served by excluding the time from
17 November 5, 2020 through December 17, 2020, from computation under the Speedy Trial Act outweigh
18 the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-
19 (iv).
20      SO STIPULATED.

22 DATED: November 4, 2020            /s/
                                                   SCOTT D. JOINER
23                                                    Assistant United States Attorney

25 DATED: November 4, 2020            /s/
                                                   ISMAIL RAMSEY
26                                                    RAMSEY & EHRLICH, LLP
27                                                    Counsel for Defendant Mohammed Nuru
28

**[PROPOSED] ORDER**

Pursuant to stipulation, the appearance currently set for November 5, 2020 is HEREBY CONTINUED to December 17, 2020.

Based upon the facts set forth in the stipulation of the parties and for good cause shown, the Court finds that failing to exclude the time from November 5, 2020 through December 17, 2020, would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court also finds that excluding the time from November 5, 2020 through December 17, 2020, is appropriate in light of the complexity of the case, which the government represents involves more than 1,500 recorded calls or conversations and thousands of pages of documents, and the amount of time necessary to return and file an indictment under the circumstances, including the current pandemic and shelter-in- place orders, within the time specified by 18 U.S.C. § 3161(b). *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The Court further finds that the ends of justice served by excluding the time from November 5, 2020 through December 17, 2020, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from November 5, 2020 through December 17, 2020, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv).

//
//
//
//

[PROPOSED] ORDER EXCLUDING TIME
CR 20-MJ-70028; CR 20-MJ-70076

1  The Court also orders that the time for a preliminary hearing be extended under Rule 5.1 of the Federal
2  Rules of Criminal Procedure and the time within which to conduct a preliminary hearing is waived with
3  the consent of the Defendant through December 17, 2020.
4       IT IS SO ORDERED.

6  DATED: _____

                                              HON. VIRGINIA K. DEMARCHI
                                              UNITED STATES MAGISTRATE JUDGE